UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

TROY GRIFFITH,

                            Plaintiff,

                -against-

Police Officer DEVIN LONG, Shield No. 22189; Police Officer RAYMUNDO NAVEDO, Shield No. 31738; Sergeant MARTIN GIMENEZ, Shield No. 22916; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------- x

**AMENDED COMPLAINT**

12-CV-2425 (FB)(LB)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Troy Griffith ("plaintiff" or "Mr. Griffith") is a resident of Kings County in the City and State of New York.

7.      Defendant Police Officer Devin Long, Shield No. 22189 ("Long"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Long is sued in his individual and official capacities.

8.      Defendant Police Officer Raymundo Navedo, Shield No. 22189 ("Navedo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Navedo is sued in his individual and official capacities.

9.      Defendant Sergeant Martin Gimenez, Shield No. 22916 ("Gimenez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Gimenez is sued in his individual and official capacities.

10.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. Plaintiff is a twenty-two year old resident of Brooklyn with no prior arrests.

14. At approximately 8:35 p.m. on November 17, 2011, plaintiff was lawfully walking in the vicinity of 3213 Church Avenue in Brooklyn, New York. Plaintiff was wearing headphones listening to music.

15. An officer came up from behind plaintiff and shoved him against a fence. The officer then began searching plaintiff while asking plaintiff if he had ever been locked up before.

16. A different officer then yelled at plaintiff, in sum and substance, "You think you are tough, but you a bitch nigga. I know guys like you."

17. Plaintiff was placed in extremely tight handcuffs.

18. The officers pulled plaintiff's hood down in front of his head and shoved him into a police vehicle. Once plaintiff was inside the vehicle, the officers continued to pull plaintiff's hood down and shove plaintiff.

19. Plaintiff was eventually taken to the 67th precinct.

20. At the precinct, one of the officers asked plaintiff, in sum and substance, if he is a "homo," and made other profane and anti-gay comments.

21. Plaintiff's mother, concerned that plaintiff was in an accident, went to the 67th precinct. The officers at the precinct told her that they did not know plaintiff's whereabouts.

22. Plaintiff's mother asked the officers for their badge numbers. The officers refused to provide them.

23. One of the defendant officers told plaintiff's mother, in sum and substance, "if you say I'm a bad cop and he doesn't smoke weed, I will lock him up every time I see him."

24. Plaintiff was released at approximately 5:00 a.m. When plaintiff asked what he was being charged with, a defendant told him possession of marijuana.

25. The defendants falsely informed employees of the Kings County District Attorney's Office that they had observed marijuana in plaintiff's hand.

26. Plaintiff did not possess marijuana. Plaintiff has never smoked or possessed marijuana.

27. After two court appearances, the criminal charges were adjourned in contemplation of dismissal.

28. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Unreasonable Force**

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
**Failure to Intervene**

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

40. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

41.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

42.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43.     The individual defendants created false evidence against plaintiff.

44.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

45.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

46.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   December 27, 2012
         New York, New York

                                         HARVIS WRIGHT
                                         SALEEM & FETT LLP

                                         _____
                                         Afsaan Saleem
                                         305 Broadway, 14th Floor
                                         New York, New York 10007
                                         (212) 323-6880
                                         asaleem@hwsflegal.com

                                         *Attorney for plaintiff*